## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 28 2018, 11:18 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Nancy A. McCaslin
McCaslin & McCaslin
Elkhart, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

A.M.,

*Appellant-Respondent,*

v.

State of Indiana,

*Appellee-Petitioner*

February 28, 2018

Court of Appeals Case No.
20A03-1709-JV-2121

Appeal from the Elkhart Circuit Court, Juvenile Division

The Honorable Deborah Domine, Magistrate

The Honorable Michael A. Christofeno, Judge

Trial Court Cause No.
20C01-1504-JD-139

**Vaidik, Chief Judge.**

# Case Summary

[1] A.M. appeals the juvenile court's order committing him to the custody of the Indiana Department of Correction (DOC) following a violation of probation. We affirm.

# Facts and Procedural History

[2] In June 2015, A.M. was adjudicated a delinquent for battery resulting in bodily injury, a Class A misdemeanor if committed by an adult. A.M. was placed on probation, but he was not successful. Between June 2015 and May 2017, A.M. was found to have violated the terms of his probation on four occasions. As a result, multiple services were ordered, including: informal probation, formal probation, electronic monitoring, therapeutic services, and residential-treatment programs. *See* Appellant's App. Vol. II pp. 189-90. A.M. was asked to leave the first residential-treatment program because of his physical aggression. A.M. was placed in a second residential-treatment program where he showed "progress in all areas of his treatment . . . with the exception of his education." Tr. Vol. II p. 105. A.M. was enrolled in five classes but had a passing grade in only two classes.

[3] In May 2017, A.M. was released from the residential-treatment program into the custody of his mother. Two conditions of his release were that A.M. attend both sessions of summer school and participate in transitional services. At the

time of his release, A.M. was seventeen and had completed only four of the forty credits needed for a high-school diploma.

[4] Approximately five weeks after his release, A.M. was charged with residential entry, a Level 6 felony if committed by an adult, and resisting law enforcement, a Class A misdemeanor if committed by an adult. A.M. was removed from his mother's custody and placed in the juvenile-detention center. Because of these new offenses, the State claimed that A.M. was in violation of his probation on the original battery adjudication. The State also alleged that A.M. violated his probation by failing to attend the first session of summer school. A hearing was held on the new charges, and the juvenile court found that there was reasonable doubt that A.M. committed residential entry but entered a finding for the State on the resisting-law-enforcement charge. The juvenile court entered an adjudication and closed the case.

[5] The juvenile court also found that he had violated the conditions of his probation. During the adjudication hearing on the probation violation, the juvenile probation department stated that since April 2015, A.M. had been given multiple opportunities to be rehabilitated, but none of the services had been successful. The probation department recommended that A.M. be committed to the DOC, stressing that A.M. only does what is required of him when he is in a structured environment, like the juvenile-detention center. For example, A.M. failed to comply with the May 2017 order that he attend summer school, but while he was at the juvenile-detention center he obtained three credits toward his high-school diploma. A treatment provider who

worked with A.M. while he was in his mother's custody agreed with the probation department's recommendation. The provider stated that A.M. was not cooperative with services while in his mother's care but that A.M. had been compliant with services while at the juvenile-detention center.

[6] The juvenile court then stressed to A.M. the importance of obtaining his high-school diploma: "You know, we pound on education because we know from the research that education is a protective factor that makes it less likely you're going to commit a crime and this is all about community safety." Tr. Vol. II p. 143. The juvenile court concluded that despite the probation department's efforts, A.M. continued to commit new criminal offenses. The court found that it is in A.M.'s best interests to be placed in the custody of the DOC, that reasonable efforts had been made to prevent A.M. from being removed from his mother's custody, that community resources had been exhausted, and that placement in the DOC would give A.M. the structured environment he needed for rehabilitation. Appellant's App. Vol. II pp. 190-91.

[7] A.M. now appeals.

# Discussion and Decision

[8] A.M. contends that the juvenile court abused its discretion when it concluded that he should be committed to the DOC. The disposition of a juvenile is within the juvenile court's discretion. *K.S. v. State*, 849 N.E.2d 538, 544 (Ind. 2006). We will reverse a juvenile disposition only upon a showing that the

juvenile court abused its discretion. *Id.* An abuse of discretion occurs when the disposition is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.*

[9] Indiana Code section 31-37-18-6 guides the court's disposition of a juvenile. In part, the statute states, "If consistent with the safety of the community and the best interest of the child, the juvenile court shall enter a dispositional decree that is in the least restrictive (most family like) and most appropriate setting available[.]" Ind. Code § 31-37-18-6. A.M. claims that the juvenile court's disposition violates Section 31-37-18-6 because his behavior is not a risk to the community and that his commitment to the DOC is not the least restrictive option available. A.M. contends that he is no longer engaged in the behavior that initially got him in trouble in April 2015 and that failing to attend summer school does not present a risk to the community.

[10] The record shows that A.M. was given extensive opportunities to rehabilitate himself. A.M. was offered and failed over twenty different services and programs, including: informal probation, formal probation, electronic monitoring, residential-treatment programs, and therapeutic services. While A.M. was not engaging in the same behaviors that began his legal troubles, he committed a new criminal offense and routinely failed to comply with his conditions of probation. A.M. has demonstrated that he is unable to do what is required of him without being in a heavily structured and supervised

environment. The juvenile court did not abuse its discretion when it ordered A.M. into the custody of the DOC.

[11] Affirmed.

May, J., and Altice, J., concur.